1  JAY S. ROTHMAN (SBN 49739)
**JAY S. ROTHMAN & ASSOCIATES**
2  21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
3  Telephone:  (818) 986-7870
Facsimile:   (818) 990-3019
4  lawyers@jayrothmanlaw.com

5  Attorneys for Plaintiff SALVADOR VELOZ

6

7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  **WESTERN DIVISION**

11

12  SALVADOR VELOZ, an individual,

13  Plaintiff,

14  vs.

15

16  RAIL PROS, INC., a California corporation; and DOES 1 through 50, Inclusive,

17

18  Defendants.

19

20

21

22

| | |
|---|---|
| Case No. 2:21-CV-04038 JFW (KSX) | |

**NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS**

District Judge: Hon. John F. Walter
Magistrate Judge: Karen L. Stevenson

Date: 11/29/2021
Time: 1:30 pm
Courtroom: 7A

FPTC:      4/01/2022
Trial:       4/19/2022

23  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

24      Please take Notice that on November 29, 2021 at 1:30 p.m., in Dept. 7A of the

25  United States District Court for the Central District – Western District counsel for

26  Plaintiff, SALVADOR VELOZ (hereafter, "Plaintiff"), will move to compel

27  arbitration of this case. The motion to compel arbitration will be based on this notice,

28  the court's file, the declarations of Jay S. Rothman and Salvador Veloz, and all other

1

information presented in support of this motion.

The motion is well-founded and should be granted. Plaintiff originally sued Defendant RAIL PROS., INC. in a complaint filed in the in the Los Angeles Superior Court on February 24, 2021. Plaintiff asserts claims for wrongful termination, discrimination, retaliation, harassment, wage and hour and related claims Following communication with Defendant counsel, Plaintiff filed a "Doe" amendment on March 30, 2021, naming the proper business entity as "Doe No. 1," "RAILPROS FIELD SERVICES, INC." (hereafter, "Defendant"). Defendant answered the complaint on or about May 10, 2021 and removed to Federal Court on diversity grounds on May 13, 2021.

Plaintiff's employment documents with Defendant include an arbitration clause stating in relevant part, "**Arbitration** - In response to the costs and inefficiencies related to the litigation of workplace disputes in state and federal courts, and to the extent permitted by applicable federal, state, and local laws, the Company has adopted the use of an Arbitration Agreement. This agreement requires that any dispute related to your employment be pursued through the arbitration procedure rather than through litigation in court. You cannot begin employment with the Company unless you have agreed to the terms of the mutual Arbitration Agreement as it is a condition of employment." Plaintiff signed his acknowledgement of receipt of the employee handbook, including the arbitration provision, in December of 2018.

California law applies to the validity and enforceability of the arbitration clause. Under governing California law, the employee handbook, received and acknowledged by Plaintiff, constitutes a binding arbitration agreement for any employment dispute, including the wrongful termination, discrimination, et al. claims.

Here, Plaintiff does NOT contest the arbitration term, confirms he received the employee handbook, signed for the handbook with the arbitration provision in December of 2018, and agrees that the employee handbook is the very document he received on that date. Plaintiff further does not dispute the applicability of the

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

1   arbitration clause and instead asks simply that it be enforced. (See, declaration of

2   Plaintiff Salvador Veloz, attached hereto, §2.)   Combined with California's strong

3   public policy in favor of arbitration, the evidence merits ordering the case to arbitration.

4

5   Dated:  October 28, 2021              **JAY S. ROTHMAN & ASSOCIATES**

6

7   _____

8   JAY S. ROTHMAN
    Attorney for Plaintiff SALVADOR VELOZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.    **BACKGROUND INFORMATION AND PROCEDURAL HISTORY**.

This case involves claims for employment discrimination, harassment, retaliation and wrongful termination, as well as wage and hour violations, brought by Plaintiff, SALVADOR VELOZ (hereafter, "Plaintiff") against his former employer. Plaintiff filed a complaint in the in the Los Angeles Superior Court on February 24, 2021 against Defendant RAIL PROS., INC. Following communication with defense counsel, Plaintiff filed a "Doe" amendment on March 30, 2021, naming the proper business entity as "Doe No. 1," "RAILPROS FIELD SERVICES, INC." (hereafter, "Defendant"). (See, declaration of Jay S. Rothman, attached hereto, ¶2.)  Defendant answered the complaint on or about May 10, 2021 and then removed to Federal Court on diversity grounds on May 13, 2021.  (See, declaration of Jay S. Rothman, attached hereto, ¶3.)

The motion is before the court on Plaintiff's request to enforce the Defendant's own arbitration provision, which is and was a mandatory part of Plaintiff's employment agreement with Defendant. In particular, Defendant's employee handbook includes an arbitration clause stating in relevant part, "**Arbitration** - In response to the costs and inefficiencies related to the litigation of workplace disputes in state and federal courts, and to the extent permitted by applicable federal, state, and local laws, the Company has adopted the use of an Arbitration Agreement. ***This agreement requires that any dispute related to your employment be pursued through the arbitration procedure rather than through litigation in court***. You cannot begin employment with the Company unless you have agreed to the terms of the mutual Arbitration Agreement ***as it is a condition of employment***." [Bold in original, bold plus italics added.]

Plaintiff signed his acknowledgement of receipt of the employee handbook, including the arbitration provision, in December of 2018 by Defendant's own admission.  (See, employee handbook, Bate Nos. 374-377, 381, 408 and 411, attached as **Exhibit "1"**; see also, October 19, 2021 e-mail from Defendant's counsel, attached

4

as **Exhibit "2,"** stating in part, "I just learned that Plaintiff signed an acknowledgment in December 2018 that appears to have corresponded to the October 2018 employee handbook. Plaintiff signed the document electronically, and it appears his signature was saved separately from the document itself"; see also, Plaintiff's electronic signature for the employee handbook containing the arbitration term, attached as **Exhibit "3."**) Plaintiff agrees that the documents show his signature, acknowledging the employee handbook, which Defendant states includes the arbitration clause. (See, declaration of Plaintiff Salvador Veloz, attached hereto, §2.)

Defendant argues that the arbitration agreement – a condition of employment for Plaintiff, who worked for Defendant until being fired on August 23, 2020, more than nineteen months after the arbitration provision went into effect – does not apply to Plaintiff.    Defendant's argument that no arbitration agreement exists between Defendant and Plaintiff makes no sense. Specifically, Defendant produced the relevant employee handbook in response to a document production request asking for "Please produce any policies and procedures or employee manuals that are provided for, in force or effect at any time PLAINTIFF worked for YOU."  (See, Plaintiff's June 25, 2021 requests for identification and production of documents, attached as **Exhibit "4,"** request #2; declaration of Jay S. Rothman, attached hereto, ¶4.)

Defendant responded to that request by stating under penalty of perjury, "Defendant will produce its policies and procedures that were in effect during Plaintiff's employment and which applied to Plaintiff."  (See, Defendant's response to request for identification and production of documents, attached as **Exhibit "5"** (category #2); declaration of Jay S. Rothman, ¶5.

In response to the discovery, Defendant produced "policies or employee manuals" that were "in effect during Plaintiff's employment and which applied to Plaintiff," <u>consisting of the employee handbook, relevant portions of which are</u> <u>attached as **Exhibit "1"** stating that this dispute was subject to binding arbitration</u>. (See, **Exhibits "4"** and **"5."**)  Defendant confirms that Plaintiff signed for the

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

handbook with the arbitration provision. (See, **Exhibits "2"** and **"3."**)  Defendant made that claim under penalty of perjury and is now trying to contradict its *own* prior sworn statement.

Further, Defendant's own employee handbook – which it produced under penalty of perjury and insisted was "in effect during Plaintiff's employment and which applied to Plaintiff," provided in part, "This handbook summarizes the policies and practices in effect at the time of publication. ***This handbook supersedes all previously issued handbooks and any policy or benefit statements*** or memoranda that are inconsistent with the policies described here" and "You cannot begin employment with the Company unless you have ***agreed to the terms of the mutual Arbitration Agreement as it is a condition of employment***."  (See, portions of Employee Handbook, **Exhibit "1,"** Bate Nos. 378, 381 (emphasis added); declaration of Jay S. Rothman, attached hereto, ¶6.)

California law applies to the validity and enforceability of the arbitration clause. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009). Under governing California law, the employee handbook, received and acknowledged by Plaintiff, constitutes a binding arbitration agreement for any employment dispute, including the wrongful termination, discrimination, et al. claims. *Harris v. TAP Worldwide, LLC*, 248 Cal.App.4th 373, 383, 203 Cal.Rptr.3d 522, 529–30, (2016) [plaintiff admits that the Employee Handbook contained arbitration term, which was binding despite plaintiff's protests that he never signed an agreement to arbitrate and his claim that he had "no idea" there was an arbitration provision when he received the Employee Handbook; the fact that defendant either chose not to read or take the time to understand these provisions is legally irrelevant].

Here, on the other hand, Plaintiff does NOT contest the arbitration term, confirms he received the employee handbook with the arbitration provision on June 27, 2018, and that the employee handbook is the very document he received on that date. Plaintiff further does not dispute the applicability of the arbitration clause and instead

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

asks simply that it be enforced. (See, declaration of Plaintiff Salvador Veloz, attached hereto, §2.)  Combined with California's strong public policy in favor of arbitration, the evidence merits ordering the case to arbitration.  *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195, 8 Cal.Rptr.3d 517, 82 P.3d 727 ["There is a strong public policy in favor of arbitration"]

**2.    PLAINTIFF DID NOT WAIVE THE ARBITRATION PROVISION.**

As a preliminary matter, Plaintiff did not waive his right to compel arbitration. He served a demand for production of documents on Defendant counsel on June 25, 2021 and received Defendant's document production response, including the employee handbook with the arbitration provision, on August 27, 2021.  That production was the first time Plaintiff's counsel had seen the arbitration provision.  (See, declaration of Jay S. Rothman, ¶4.)

Plaintiff's counsel reviewed the 422 pages of documents produced on August 27, 2021 and saw the arbitration provision in the employee handbook on or about September 2, 2021.  Plaintiff's counsel thereafter sent an e-mail to Defendant's counsel on September 8, 2021, advising that the case belonged in arbitration pursuant to Defendant's own employment documents.  (See, September 8, 2021 e-mail from Plaintiff's counsel to Defendant's counsel, attached as **Exhibit "6."**)  Therefore, though Plaintiff filed his complaint in the Los Angeles Superior Court on February 24, 2021, the relevant timeline is this:

| Date | Event | Outcome |
|---|---|---|
| August 27, 2021 | Defendant first produces Employee Handbook with arbitration provision | N/A |
| September 2, 2021 | Plaintiff's counsel first reviews Employee Handbook and arbitration provision | Plaintiff's counsel begins meet & confer efforts |
| September 8, 2021 | E-mail from Plaintiff's counsel to | Meet & confer to |

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

| | | |
|---|---|---|
| | Defendant's counsel about arbitration clause in Employee Handbook, initial demand for arbitration | get matter submitted to arbitration |
| October 19, 2021 | E-mail from Defendant's counsel, confirming that Plaintiff signed the employee handbook with the arbitration provision | Plaintiff still trying to get case referred to arbitration |

These facts disprove any potential that Plaintiff "waived" the arbitration provision by filing suit and then conducting very limited initial discovery, unaware until September 2, 2021 that the arbitration clause even existed. *Sobremonte v. Superior Court*, 61 Cal.App.4th 980, 992, 72 Cal.Rptr.2d 43 (1998).

A party who resists arbitration on the ground of waiver bears a heavy burden. *Christensen v. Dewor Developments,* 33 Cal.3d 778, 782, 191 Cal.Rptr. 8, 661 P.2d 1088 (1983); *Walker v. J.C. Bradford & Co*., 938 F.2d 575, 577 (5th Cir.1991). Therefore, any doubts regarding a waiver allegation should be resolved in favor of arbitration. *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The *Sobremonte* court listed six factors to be evaluated when considering possible "waiver" of an arbitration provision: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. *Sobremonte, supra*, 61 Cal.App.4th at 992, 72 Cal.Rptr.2d 43.

8

Applied here, the *Sobremonte* factors weigh heavily in favor of enforcing the arbitration provision and finding no waiver. First, Plaintiff has taken no steps inconsistent with his right to arbitration. Second, Plaintiff has not "substantially invoke" litigation machinery, such as discovery, and instead found out about the arbitration clause via documents produced on August 27, 2021, and first read on September 2, 2021. (See, declaration of Jay S. Rothman, attached hereto, ¶4.) Third, Plaintiff's counsel did not wait "a long time" before demanding arbitration and in fact made such demand literally days after first learning of the arbitration provision. The fourth factor does not apply. Fifth, no "important intervening steps" have taken place between the filing of the lawsuit, Plaintiff's counsel learning of the arbitration provision, and this motion to compel arbitration. Sixth, no party can conceivably claim prejudice from any purported delay in the arbitration demand and indeed any such delay is due solely to Defendant's failure to implement the arbitration provision.

In sum, under these facts the court should reject any argument of claimed "waiver" of the arbitration provision by Plaintiff. *Sobremonte, supra*, 61 Cal.App.4th at 992, 72 Cal.Rptr.2d 43; *Christensen, supra,* 33 Cal.3d at 782, 191 Cal.Rptr. 8, 661 P.2d 1088; *Walker, supra*, 938 F.2d at 577; *Moses H. Cone Hospital, supra*, 460 U.S. at 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 [any doubts regarding a waiver allegation should be resolved in favor of arbitration].

**3.    CALIFORNIA LAW PROVIDES THAT THE SIGNED-FOR AND ACKNOWLEDGED EMPLOYEE HANDBOOK INCLUDES AN ARBITRATION PROVISION APPLICABLE TO THIS DISPUTE.**

As a starting point, California has a well-documented strong public policy favoring arbitration as a means of dispute resolution that requires courts to indulge every intendment to give effect to such proceedings. *Moncharsh v. Heily & Blasé*, 3 Cal.4th 1, 9, 10 Cal.Rptr.2d 183, 832 P.2d 899 (1992).

For more than sixty years, California law has mandated that "a written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation

9

of any contract."  Cal. *Code of Civil Proc.*, §1281; *Lewsadder v. Mitchum, Jones & Templeton, Inc.*, 36 Cal.App.3d 255, 259, 111 Cal.Rptr. 405 (1973) [in light of California's strong public policy favoring arbitration as a method of dispute resolution, courts should indulge every intendment to give effect to such proceedings]; *Villacreses v. Molinari*, 34 Cal.Rptr.3d 281, 285, 132 Cal.App.4th 1223, 1229 (2005) [same].

Further, in this instance, the employee handbook has a specific, plain and enforceable arbitration clause that provides in relevant part, ***"This agreement requires that any dispute related to your employment be pursued through the arbitration procedure rather than through litigation in court.*** You cannot begin employment with the Company unless you have agreed to the terms of the mutual Arbitration Agreement as it is a condition of employment."  (See, employee handbook, attached as **Exhibit "1."**)

Plaintiff acknowledged in writing receiving the employee handbook with the arbitration provision and confirms his receipt via declaration. (See, **Exhibits "2"** and **"3,"** confirming Plaintiff's receipt and acknowledgement of the employee handbook with the arbitration term; declaration of Salvador Veloz, attached hereto, ¶2.)

Further, it is of no moment that the Employee Handbook did not set forth each term of the arbitration and instead gave Plaintiff detailed information on how to get the arbitration particulars from the Human Resources department.  California law permits parties to form contracts by incorporating other documents by reference and "an employee may agree to arbitrate claims against his or her employer by signing an acknowledgment form that incorporates the employer's employee handbook and the arbitration policy it contains." *Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal.App.4th 50, 159 Cal.Rptr.3d 444, 457 (2013).

*Ashbey v. Archstone Property Management, Inc.*, 612 Fed.Appx. 430, 431 (C.A.9[TH] 2015) is instructive here. In *Ashbey*, the employer (Archstone Property) moved the trial court to compel arbitration based on the employee handbook, which referenced arbitration but did not spell out the details of the arbitration procedures,

rules, etc. The trial court denied the motion and the employer appealed.  The Ninth Circuit *reversed*, finding that the employee's signature acknowledging receipt of the employment documents, including a mere "acknowledgement form" referencing the employee handbook with the arbitration provision, constituted a binding arbitration agreement.  *Ashbey, supra*, 612 Fed.Appx. at 431. Here, Plaintiff signed the actual employee handbook with the arbitration provision and files a declaration acknowledging that arbitration provision and his desire to submit the case to binding contractual arbitration.  (See, employee handbook, **Exhibits "1," "2"** and **"3"**; Bate No. 411; declaration of Salvador Veloz, attached hereto, ¶2.)

*Harris v. TAP Worldwide, LLC*, 248 Cal.App.4th 373, 383, 203 Cal.Rptr.3d 522, 529–30 (2016) is also instructive. In that case, plaintiff sued his former employer for racial discrimination, harassment and retaliation in violation of California's Fair Employment & Housing Act ("FEHA"), as well as failure to pay overtime wages in violation of California's Labor Code. Plaintiff worked for TAP between 2012 and 2013, was fired on December 18, 2013, and filed suit in 2014. Defendant employer moved to compel arbitration, and plaintiff opposed the motion.

Essentially, plaintiff argued there was no valid arbitration agreement because he did not sign any such agreement and instead plaintiff merely "acknowledged receipt of documents," including the employee handbook with the arbitration agreement. Plaintiff provided a declaration that he never received nor signed any "Agreement to Arbitrate" and therefore, according to plaintiff, his acknowledging receipt of the Employee Handbook was insufficient to demonstrate an agreement to arbitrate. *Harris, supra*, 248 Cal.App.4th at 379, 203 Cal.Rptr.3d at 526–527.

The trial court denied the motion to compel arbitration, but the Court of Appeal *reversed*. The Court of Appeal held in relevant part, "plaintiff was offered employment on an at-will basis under the terms of the Employee Handbook. Plaintiff unequivocally accepted the offer of employment by commencing to work for TAP Worldwide, LLC for which he was paid. ***Plaintiff's commencement of performance under the***

NOTICE OF MOTION; MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS

1
2
3

*Employee Handbook constituted assent to its terms," including the arbitration provision*. *Harris, supra*, 248 Cal.App.4th at 384 203 Cal.Rptr.3d at 530 (emphasis added).

4
5

**4.    PLAINTIFF'S COUNSEL MET AND CONFERRED EXTENSIVELY BEFORE FILING THIS MOTION TO COMPEL ARBITRATION.**

6
7
8
9
10
11

In accord with Local Rules – Central District of California, Rule 7-3, Plaintiff's counsel met and conferred extensively with Defendant's counsel prior to filing this motion.  The meet-and-confer effort began via e-mail on September 8, 2021, where Plaintiff's counsel pointed out to Defendant's counsel the existence of the arbitration provision in the Employee Handbook. (See, September 8, 2021 e-mail, attached as **Exhibit "6"**; see also, declaration of Jay S. Rothman, ¶7.)

12
13
14
15
16
17
18
19
20
21
22
23
24
25

Thereafter, Plaintiff's counsel and Defendant's counsel exchanged e-mails over the course of the next several weeks, including the September 22, 2021 e-mail from Plaintiff's counsel to Defendant's counsel where Plaintiff's counsel noted, "My analysis, with all of the documents I now have in my possession, clearly indicates that our demand for arbitration is proper. [Your handbook] specifically indicates at Bates-Stamps 375 page 2 of 37 that it supersedes all previous handbooks. … At Bates-Stamp 381 there's an arbitration provision that relates to the 10/1/2018 handbook *which superseded all others and was published during my client's employment*. [¶] This email will formally demand that we engage in arbitration in the above-referred to matter. … If for some reason, you are unwilling to do this, we will be forced to make a motion to compel arbitration seeking costs and attorney's fees for this unnecessary exercise. I hope that won't be necessary." (See, September 22, 2021 – October 13, 2021 e-mail tree between Plaintiff and Defendant counsel, attached as **Exhibit "7"** [emphasis added]; declaration of Jay S. Rothman, ¶8.)

26
27
28

Plaintiff counsel continued the meet-and-confer effort throughout October, resulting in Defendant counsel finally producing Plaintiff's signature and acknowledgement for the employee handbook with the arbitration provision. (See,

12

October 19, 2021 e-mail from Defendant counsel, **Exhibit "2"**; see also, declaration of Jay S. Rothman, ¶8.) Defendant has at all times refused to agree to arbitration. For example, Defendant wrote in an e-mail on September 27, 2021, "We disagree that your demand for arbitration is proper, since Plaintiff never entered into a binding arbitration agreement with RailPros." (See, Defendant's September 27, 2021 e-mail from Defendant's counsel to me, separated from the larger e-mail tree for ease of reference, attached as **Exhibit "8."**)

Unfortunately, this motion was indeed necessary and mandated by way of Defendant counsel's response to Plaintiff counsel's efforts to get the matter submitted to arbitration.  In particular, Defendant's counsel wrote in an e-mail on September 27, 2021, "We disagree that your demand for arbitration is proper, since Plaintiff never entered into a binding arbitration agreement with RailPros."  (See, September 22, 2021 – October 13, 2021 e-mail tree, September 27, 2021 e-mails from Defendant's counsel to Plaintiff's counsel, attached as **Exhibit "7."**)  Plaintiff refuted that argument above, but the motion is certainly necessary as even after producing Plaintiff's acknowledgement and signature for the employee handbook with the binding arbitration term, Defendant continues to resist arbitration.  (Declaration of Jay S. Rothman, ¶9.)

5.    **CONCLUSION**.

For the foregoing reasons, the court should grant the motion to compel arbitration and order the case to binding contractual arbitration pursuant to Defendant's arbitration provision.

Dated:  October 28, 2021              **JAY S. ROTHMAN & ASSOCIATES**

_____
JAY S. ROTHMAN
Attorney for Plaintiff SALVADOR VELOZ