JAY S. ROTHMAN (SBN 49739)
**JAY S. ROTHMAN & ASSOCIATES**
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
Telephone:   (818) 986-7870
Facsimile:    (818) 990-3019
lawyers@jayrothmanlaw.com

Attorneys for Plaintiff
SALVADOR VELOZ

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SALVADOR VELOZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAIL PROS, INC., a California corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:21-CV-04038 JFW (KSX)<br><br>**DECLARATION OF JAY S. ROTHMAN**<br><br>District Judge: Hon. John F. Walter<br>Magistrate Judge: Karen L. Stevenson<br><br>Date: 11/29/21<br>Time: 1:30 pm<br>Courtroom: 7A<br><br>FPTC: 4/01/2022<br>Trial:   4/19/2022 |

I, JAY S. ROTHMAN, Declare and state as follows:

1.     I am an attorney licensed to practice law before all courts of the State of California and this Court. I am counsel for Plaintiff Salvador Veloz ("Plaintiff"). I state the following based on my own personal knowledge and would and could testify to the following if called as witness.

2.     This case involves claims for employment discrimination, harassment, retaliation and wrongful termination, as well as wage and hour violations, brought by Plaintiff, SALVADOR VELOZ (hereafter, "Plaintiff") against his former employer.

1

DECLARATION OF JAY S. ROTHMAN                                    2:21-CV-04038 JFW (KSX)

My office filed a complaint in the in the Los Angeles Superior Court on February 24, 2021 against Defendant RAIL PROS., INC. Following communication with defense counsel, I filed a "Doe" amendment on March 30, 2021, naming the proper business entity as "Doe No. 1," "RAILPROS FIELD SERVICES, INC." (hereafter, "Defendant").

3.      Defendant answered the complaint on or about May 10, 2021 and then removed to Federal Court on diversity grounds on May 13, 2021.

4.      True and correct copies of the relevant portions of Plaintiff's employee handbook are attached to this motion as **Exhibit "1."**  I have included the face sheet, table of contents and all provisions which I believe bear on this motion. Defendant appears to argue that the arbitration agreement – a condition of employment for Plaintiff, who worked for Defendant until being fired on or about August 23, 2020, nearly two years after the arbitration provision went into effect – does not apply to Plaintiff.  However, in discovery that took place before I first learned of the arbitration clause, Defendant produced the relevant employee handbook in response to a document production request asking for "Please produce any policies and procedures or employee manuals that are provided for, in force or effect at any time PLAINTIFF worked for YOU."

5.      Defendant sent me evidence of Plaintiff's acknowledgement and acceptance of the employee handbook with the binding arbitration term via an e-mail on October 19, 2021 and later an attachment, showing Plaintiff's signature for receipt of various employment documents.  A true and correct copy of the October 19, 2021 e-mail is attached as **Exhibit "2."** A true and correct copy of Plaintiff's electronic signature and acknowledgement form for the employee handbook with the arbitration term is attached as **Exhibit "3."**  Despite these documents, confirming Plaintiff's acknowledgement and acceptance of the arbitration term in the employee handbook, Defendant still refuses to refer the case to arbitration.

6.      A true and correct copy of Plaintiff's June 25, 2021 request for

2

DECLARATION OF JAY S. ROTHMAN                                   2:21-CV-04038 JFW (KSX)

identification and production of documents, is attached to this motion to compel arbitration as **Exhibit "4."**  I first learned of the arbitration provision only upon reviewing Defendant's document production, made on or about Friday, August 27, 2021 and which I first reviewed on or about September 2, 2021.

7.      Defendant responded to that request by stating under penalty of perjury, "Defendant will produce its policies and procedures that were in effect during Plaintiff's employment and which applied to Plaintiff."  A true and correct copy of Defendant's response to request for identification and production of documents, is attached to this motion as **Exhibit "5."**

8.      Defendant's own employee handbook – which it produced under penalty of perjury and stated was "in effect during Plaintiff's employment and which applied to Plaintiff," provides in part, "This handbook summarizes the policies and practices in effect at the time of publication. ***This handbook supersedes all previously issued handbooks and any policy or benefit statements*** or memoranda that are inconsistent with the policies described here" and "You cannot begin employment with the Company unless you have ***agreed to the terms of the mutual Arbitration Agreement as it is a condition of employment***." As noted, true and correct portions of that Employee Handbook are attached as **Exhibit "1."**

9.      In accord with Local Rules – Central District of California, Rule 7-3, I met and conferred extensively with Defendant's counsel prior to filing this motion. The meet-and-confer effort began via my e-mail on September 8, 2021, where I pointed out to Defendant's counsel the existence of the arbitration provision in the Employee Handbook. A true and correct copy of my September 8, 2021 e-mail, is attached as **Exhibit "6."**

10.      Thereafter, Defendant's counsel and I exchanged e-mails over the course of the next several weeks, including the September 22, 2021 e-mail from me to Defendant's counsel where I counsel noted, "My analysis, with all of the documents I now have in my possession, clearly indicates that our demand for arbitration is proper.

3

DECLARATION OF JAY S. ROTHMAN                                    2:21-CV-04038 JFW (KSX)

[Your handbook] specifically indicates at Bates-Stamps 375 page 2 of 37 that it supersedes all previous handbooks. … At Bates-Stamp 381 there's an arbitration provision that relates to the 10/1/2018 handbook *which superseded all others and was published during my client's employment*. [¶] This email will formally demand that we engage in arbitration in the above-referred to matter. … If for some reason, you are unwilling to do this, we will be forced to make a motion to compel arbitration seeking costs and attorney's fees for this unnecessary exercise. I hope that won't be necessary." A true and correct copy of the September 22, 2021 – October 13, 2021 e-mail tree between Defendant counsel and me is attached as **Exhibit "7."**

11. Unfortunately, this motion is necessary and mandated by way of Defendant counsel's response to my efforts to get the matter submitted to arbitration. In particular, Defendant's counsel wrote in an e-mail on September 27, 2021, "We disagree that your demand for arbitration is proper, since Plaintiff never entered into a binding arbitration agreement with RailPros." Plaintiff refutes that argument above, but the motion is certainly necessary as even after producing Plaintiff's acknowledgement and signature for the employee handbook with the binding arbitration term, Defendant continues to resist arbitration A true and correct copy of Defendant's September 27, 2021 e-mail from Defendant's counsel to me, which is part of the longer e-mail tree, is separated for ease of reference and attached as **Exhibit "8."** Therefore, I engaged in considerable effort at informal resolution before filing this motion.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct under the laws of the State of California.

Executed this _28_ day of October, 2021 in Woodland Hills, California.

_____
JAY S. ROTHMAN

4