# EXHIBIT 7

**From:** Lawyers
**To:** Jeffrey Grindstaff
**Subject:** FW: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]
**Date:** Wednesday, October 13, 2021 9:00:16 AM
**Attachments:** image001.png
**Importance:** High

---

**From:** Dickstein, Shayna E. <shayna.dickstein@ogletree.com>
**Sent:** Wednesday, October 13, 2021 9:00:06 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Lawyers <lawyers@jayrothmanlaw.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

Counsel,

Our availability is getting increasingly limited today. Please let us know when you are available for a call to discuss this matter.

Sincerely,

**Shayna E. Dickstein | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2812 | Fax: 214-987-3927
shayna.dickstein@ogletree.com | www.ogletree.com | Bio

---

**From:** Dickstein, Shayna E.
**Sent:** Monday, October 11, 2021 9:59 PM
**To:** 'Lawyers' <lawyers@jayrothmanlaw.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

Jay,

Your contention that I have "refused" to meet and confer with you is at best mistaken and at worst disingenuous. I have made our position clear: your demand for arbitration is improper because Plaintiff and Defendant never executed an arbitration agreement. We have been meeting and conferring about this for over one month now. After you requested, on September 8, 2021, that we stipulate to arbitration, I immediately offered to speak with you regarding your request. Our client subsequently located a copy of the 2016 employee handbook which was provided to Plaintiff upon hire (and for which he signed an acknowledgement of receipt), and I sent that to you during our call on September 10. I advised you that the 2016 employee handbook said nothing about arbitration, that Plaintiff did not sign an acknowledgment of receipt of the 2018 handbook, and that no standalone arbitration agreement exists (which is why, in response to Plaintiff's Request for Production, Set One, No. 6, Defendant responded that no responsive documents ever existed that would subject Plaintiff to any arbitration provision). Accordingly, Plaintiff and Defendant never entered into an arbitration agreement.

Your contention that an arbitration agreement exists based on the fact that the 2018 employee handbook (which Plaintiff did not sign) contains one paragraph regarding arbitration will not pass muster in court. It is also illogical to suggest that an arbitration agreement exists somewhere in the ether and then purport to shift the burden onto Defendant to prove that no arbitration agreement ever existed. The parties never entered into a mutual, binding arbitration agreement. You have been aware of Defendant's position since we spoke on September 10, 2021, just over one month ago, so that is no justification for canceling Plaintiff's deposition with less than two days' notice.

It is worth noting that your actions have been entirely inconsistent with your stated reason for wanting to move to arbitration, which is supposedly to expedite the resolution of this case. I told you on the phone on September 10 and in my email on September 27 that I have concerns that starting anew with arbitration would have the exact *opposite* effect and would actually delay resolution of the case. On September 10, I informed you that our office had reached out to the Court's clerk to inquire as to whether trials have been trailing or whether they are going forward as scheduled, and I told you the clerk told us that our trial would begin on the date scheduled. I am attaching the clerk's correspondence here for your review. You responded by speculating that the courts *might* shut down again due to COVID-19, which <u>might</u> delay the trial. This is hardly a basis for uprooting a case in the middle of discovery and starting anew in arbitration, which <u>will</u> delay trial/an arbitration hearing.

We plan to take all steps necessary to protect our client's interests, which includes ensuring that we are able to take Plaintiff's deposition well in advance of our deadline to file a motion for summary judgment. Since we are all available on Wednesday, please propose a time for a conference call so that we can schedule a telephonic meet and confer.

Sincerely,

**Shayna E. Dickstein | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2812 | Fax: 214-987-3927
shayna.dickstein@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawyers <lawyers@jayrothmanlaw.com>
**Sent:** Monday, October 11, 2021 1:47 PM
**To:** Dickstein, Shayna E. <shayna.dickstein@ogletreedeakins.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

*[Caution: Email received from external source]*

---

In my communication of 9/22/21, I indicated why I believe a valid arbitration agreement exists, in detail and demanded arbitration. Then on 9/27/21, you responded to me that you don't think my demand for arbitration is proper. I specifically asked you "What facts do you have that plaintiff never entered into a binding arbitration agreement". That was an attempt to meet and confer.

Your only response to my attempted meet and confer was that you don't have to tell me why. Wrong.  You're required to factually indicate to me why my client never entered into a valid arbitration agreement, prior to my motion, as part of the meet and confer process.  Since you have refused to do that, we will not produce our client for the deposition scheduled for Wednesday 10/13/21.  The deposition is OFF.  Instead, we will proceed with arbitration and make a motion to do so.

Very Truly Yours,

Jay S. Rothman, Esq.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA  91367
Telephone:      (818) 986-7870
Facsimile:       (818) 990-3019
www.jayrothmanlaw.com

JSR



This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs 2510-2521 and is legally privileged. This e-mail, and any documents attached, may contain confidential information belonging to the sender which is protected by the work product and/or other privileges. The information is intended only for the use of individuals or entities named above. If you have received the e-mail in error, we would appreciate your immediately notifying us by telephone call to arrange for the return of all copies of the e-mail. You should also delete this transmission from your computer and/or server.

**From:** Dickstein, Shayna E. <shayna.dickstein@ogletree.com>
**Sent:** Wednesday, October 6, 2021 4:00 PM
**To:** Lawyers <lawyers@jayrothmanlaw.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

Jay,

It is not our burden to prove the non-existence of an agreement. On the contrary, it is your burden to prove that the parties entered into a binding arbitration agreement, which they did not.

Since no valid arbitration agreement exists, and given that we have trial scheduled to begin in 6.5 months, we are not going to stipulate to arbitration and unnecessarily delay the resolution of this case. You can go ahead and file your motion. In the meantime, we will move forward with Plaintiff's

deposition on October 13 as scheduled.

Sincerely,

**Shayna E. Dickstein | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2812 | Fax: 214-987-3927
shayna.dickstein@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawyers <lawyers@jayrothmanlaw.com>
**Sent:** Tuesday, October 5, 2021 3:12 PM
**To:** Dickstein, Shayna E. <shayna.dickstein@ogletreedeakins.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

**[Caution: Email received from external source]**

---

Shayna,

I don't have an opening demand.  What facts do you have that plaintiff never entered into a binding arbitration agreement with Rail Pros?  Please get back to me no later than Thursday.  If I don't hear from you, I'll have to make a motion to compel arbitration.

Jay S. Rothman, Esq.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA  91367
Telephone:       (818) 986-7870
Facsimile:         (818) 990-3019
www.jayrothmanlaw.com



JSR

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs 2510-2521 and is legally privileged. This e-mail, and any documents attached, may contain confidential information belonging to the sender which is protected by the work product and/or other privileges. The information is intended only for the use of individuals or entities named above. If you have received the e-mail in error, we would appreciate your immediately notifying us by telephone call to arrange for the return of all copies of the e-mail. You should also delete this transmission from your computer and/or server.

**From:** Dickstein, Shayna E. <shayna.dickstein@ogletree.com>
**Sent:** Monday, September 27, 2021 2:24 PM
**To:** Lawyers <lawyers@jayrothmanlaw.com>
**Cc:** Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** RE: 20-91166 Veloz, Salvador v. Rail Pros, Inc. [ODNSS-OGL.052372.000013]

Jay,

We disagree that your demand for arbitration is proper, since Plaintiff never entered into a binding arbitration agreement with RailPros. Even if we were to agree to arbitration notwithstanding the absence of a binding arbitration agreement, we have concerns about delaying the resolution of this case, since an arbitration hearing would not be set until months after this case is scheduled to go to trial (April 2022). Before our client makes a decision regarding arbitration, it may make sense to know where Plaintiff is at in terms of potential settlement. Could you please get us an opening demand so we can evaluate that as well?

Thank you,

**Shayna E. Dickstein | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2812 | Fax: 214-987-3927
shayna.dickstein@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawyers <lawyers@jayrothmanlaw.com>
**Sent:** Wednesday, September 22, 2021 5:37 PM
**To:** Dickstein, Shayna E. <shayna.dickstein@ogletreedeakins.com>
**Cc:** Mendoza, Elizabeth C. <Elizabeth.Mendoza@ogletreedeakins.com>; Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** 20-91166 Veloz, Salvador v. Rail Pros, Inc.

**[Caution: Email received from external source]**

---

Shayna,

My analysis, with all of the documents I now have in my possession, clearly indicates that our demand for arbitration is proper. Our client worked from July 9, 2018 until 8/21/20 when he was terminated. There's a handbook dated 10/1/2018. Which was published 11/6/2018. It specifically indicates at Bates-Stamps 375 page 2 of 37 that it supersedes all previous handbooks. It also indicates that it does not alter any prior agreement to arbitrate, which leads me to believe, although it has nothing to do with this analysis, that there must have been some prior arbitration provision, prior to this handbook. At Bates-Stamp 381 there's an arbitration provision that relates to the 10/1/2018 handbook which superseded all others and was published during my client's employment.

This email will formally demand that we engage in arbitration in the above-referred to matter.

Please immediately prepare a stipulation to arbitrate so we can file it with the appropriate forum. If for some reason, you are unwilling to do this, we will be forced to make a motion to compel arbitration seeking costs and attorneys fees for this unnecessary exercise. I hope that won't be necessary. Please confirm your agreement to arbitrate and your preparation of a stipulation.

Jay S. Rothman, Esq.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA  91367
Telephone:        (818) 986-7870
Facsimile:         (818) 990-3019
www.jayrothmanlaw.com

JSR



This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Secs 2510-2521 and is legally privileged. This e-mail, and any documents attached, may contain confidential information belonging to the sender which is protected by the work product and/or other privileges. The information is intended only for the use of individuals or entities named above. If you have received the e-mail in error, we would appreciate your immediately notifying us by telephone call to arrange for the return of all copies of the e-mail. You should also delete this transmission from your computer and/or server.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.